# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. EALY,

      Plaintiff,        :        Case No. 3:09-cv-047

                                                         District Judge Thomas M. Rose
   -vs-                                      Magistrate Judge Michael R. Merz
                                                 :

JUDGE MANNING, et al.,

      Defendant.

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely

1

believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff Larry Ealy purportedly brings this action *pro se* pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, but also mentions the Ohio and Federal Constitutions and "State related claims." He names as Defendants County Court Judges James Manning and Adele Riley, but in ¶ 6 of the Complaint says that the City of New Lebanon and Montgomery County, Ohio, are also parties defendant.

**First Cause of Action**

Plaintiff's First Cause of Action is based on the action of Defendant Judge James Manning who, Plaintiff avers, "conspired to trespass the Plaintiff out of the Area 1 District Courthouse violating the Plaintiff 1 and 14 Amendment due process rights see attachment (1) of the trespass order handed to the Plaintiff at the Area 1 District Court on 3-18-08 during his sons hearing for his

2

release." Plaintiff seeks monetary damages for Judge Manning's act.

The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. (*Wall*) 355, 20 L. Ed. 646 (1872). It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978). The immunity is lost only when judges act in the clear absence of all jurisdiction. *Id.* at 362; *King v. Love*, 766 F.2d 962 (6th Cir. 1985); *Schorle v. City of Greenhills,* 524 F. Supp. 821, 828 (S.D. Ohio 1981).

Limited jurisdiction judges such as Judge Manning are absolutely immune from damages for acts in excess but not in clear absence of jurisdiction. *Id.*. While immunity does not encompass administrative acts of judges, *Forrester v. White*, 484 U.S. 219 (1988), it does extend even to a case where a judge is alleged to have ordered police to use excessive force to bring a public defender before the court since the act allegedly done was within judicial capacity and in aid of jurisdiction. *Mireles v. Waco,* 502 U.S. 9 (1991). When a plaintiff alleges that a judge acted in a non-judicial capacity, the Sixth Circuit relies "on a functional analysis to determine which acts are protected, meaning that one must determine whether the actions are truly judicial acts or 'acts that simply happen to have been done by judges.'" *Mann v. Conlin*, 22 F.3d 100 (6th Cir. 1994), quoting *Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989)(quoting *Forrester*, 484 U.S. at 227). "Paradigmatic judicial acts' are those that involve resolution of disputes "between parties who have invoked the jurisdiction of a court...." *Forrester,* 484 U.S. at 227.

In the closest parallel case known to this judicial officer, a state domestic relations trial judge who excluded members of "judicial watchdog" group from courtroom during sensitive testimony on motion of a party was held to be immune in his individual capacity; a damages award against him in his official capacity is barred by the Eleventh Amendment. *Simmons v. Conger*, 86 F.3d 1080 (11th Cir. 1996). Since Plaintiff admits that he had "taken the case public to the Montgomery

3

County Board of Commissions [sic]," Judge Manning might well have anticipated that Plaintiff intended to disrupt his son's hearing and have acted to prevent that disruption.

While subject matter jurisdiction may be narrowly construed for other purposes, when the issue is judicial immunity, it is to be broadly construed. *Duty v. City of Springdale, Arkansas,* 42 F.3d 460, 461 (8th Cir., 1994). Conversely, exceptions to judicial immunity are to be narrowly construed. *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985). A judge does not act in the clear absence of all jurisdiction if he or she merely acts in excess of his or her authority. *Doe v. McFaul*, 599 F. Supp. 1421, 1431 (N.D. Ohio 1984).

Defendant Judge Manning, who is the only Defendant who is alleged to have acted with respect to the claimed constitutional violations in the First Cause of Action, is immune from liability. The Court is also barred by the Eleventh Amendment from entering a money judgment against Judge Manning in his official capacity. The First Cause of Action should be dismissed with prejudice.

### Second and Third Causes of Action

In the Second and Third Causes of Action, Plaintiff complains of assaults allegedly committed on his son, Larry L. Ealy, while he was confined in the Montgomery County Jail and of the filing of a competency motion with respect to Larry L. Ealy by his attorney, Assistant Montgomery Public Defender Gary L. Titus.

There is no allegation in the Complaint that Larry L. Ealy is a minor. Plaintiff is not an attorney at law. Therefore Plaintiff has no standing to file a civil complaint on behalf of his son Larry L. Ealy. The Second and Third Causes of Action should be dismissed without prejudice on this basis.

**Conclusion and Order to the Clerk**

The Complaint herein should be dismissed, with prejudice as to the First Cause of Action and without prejudice as to the Second and Third Causes of Action. The Clerk is ORDERED not to issue process in this case pending further order of the Court.

February 9, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).