# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON


LARRY E. EALY,

        Plaintiff,           :       Case No. 3:09-cv-047

                                      District Judge Thomas M. Rose

     -vs-                        Magistrate Judge Michael R. Merz

                              :

JUDGE JAMES MANNING, et al.,

        Defendants.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Plaintiff's Notice of Appeal and Motion to Proceed on Appeal *in forma pauperis* (Doc. Nos. 7, 8).

The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

Plaintiff was granted leave to proceed *in forma pauperis* in this Court, but that determination is not conclusive, since the appeal involves a separate proceeding. *Slack v. McDaniel,* 120 S. Ct. 1595 (2000)*; Spruill v. Temple Baptist Church,* 141 F.2d 137, 138 (D.C. Cir.1944). If the party was permitted to proceed *in forma pauperis* in the district court, the party may proceed on appeal in forma pauperis without further authorization unless the district court certifies in writing that an appeal would not be taken in good faith, or the party is not otherwise entitled to proceed as a pauper. See Fed. R.App. P. 24(a)(3). If the district court denies the individual leave to proceed in forma

pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438 (1962). Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.

On March 16, 2009, District Judge Rose adopted the Report and Recommendations on the merits filed by the undersigned and dismissed the Complaint (Doc. Nos. 5, 6). Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal must be filed within thirty days after judgment; in this case that would have been by April 15, 2009. Plaintiff did not file his Notice of Appeal until May 26, 2009.A timely notice of appeal is a mandatory and jurisdictional prerequisite which the court of appeals can neither waive nor extend. *Bowles v. Russell*, 127 S.Ct. 2360 (2007)(distinguishes time limits established by statute from those in court rules; dissent distinguishes statutes of limitation subject to equitable tolling without comment by majority); *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S. Ct. 556, 54 L. Ed. 2d 52 (1978); *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989)(per curiam); *McMillan v. Barksdale*, 823 F.2d 981, 982 (6th Cir. 1987); *Myers v. Ace Hardware*, 777 F.2d 1099, 1102 (6th Cir. 1985); *Peake v. First Nat'l Bank & Trust Co*., 717 F.2d 1016, 1018 (6th Cir. 1983).

In addition, the Notice of Appeal omits several critical items. A notice of appeal must

contain the information required by Appellate Rule 3(c), to wit, the party appealing, the judgment appealed from, and the court to which appeal is taken, or it fails to confer jurisdiction on the Court of Appeals. *United States v. Webb,* 157 F.3d 451 (6th Cir. 1998), citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318, 108 S. Ct. 2405, 101 L. Ed. 2d 285 (1988); *Smith v. Barry,* 502 U.S. 244 (1992).

Because the Notice of Appeal does not confer jurisdiction on the Court of Appeals, the appeal is frivolous and the Motion to Proceed on Appeal *in forma pauperis* should therefore be denied and the Court should certify that the appeal is frivolous.

May 27, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).